**IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF GEORGIA AUGUSTA DIVISION**

| | | |
|---|---|---|
| MASERATI EVENT CENTER,<br><br>Plaintiff,<br><br>v.<br><br>MESA UNDERWRITERS SPECIALTY INSURANCE COMPANY,<br><br>Defendant. | * * * * * * * * * * * | CV 125-163 |

**O R D E R**

Before the Court is Defendant's motion for partial judgment on the pleadings. (Doc. 17.) For the following reasons, Defendant's motion is **GRANTED IN PART and DENIED IN PART.**

## I. BACKGROUND

Plaintiff is a Georgia business located at 548 Ellis Street, Augusta, Georgia 30901 (the "Property"). (Doc. 1-1, at 1.) Plaintiff held an "all-perils policy," Policy Number MP0032006027342 (the "Policy"), on the Property issued by Defendant that was active on April 14, 2023. (Id. at 2-3.) On that date, "a fire event caused direct physical loss of, or damage to, the [Property]." (Id. at 3.) Plaintiff notified Defendant of the damage and made a claim under the Policy, Claim Number 22475952 (the "Claim"). (Id.; Doc. 6, at 3.)

The Policy provided actual cash value ("ACV") coverage of $400,000.00 in Building coverage and $100,000.00 in Building Personal Property ("BPP") coverage and insured against fire damage. (Doc. 1-1, at 66.) On September 6, 2023, Plaintiff hired Property Claim Advocates, LLC to serve as its licensed public adjuster to inspect the Property. (Id. at 3.) The public adjuster determined "the proper amount necessary to return the Property to its pre-loss condition" was $1,838,174.25. (Id.) Plaintiff made several requests for payment of the claim, including a written demand dated March 28, 2024 (the "Demand Letter"), which Defendant continuously denied. (Id. at 4.) Plaintiff alleges "Defendant has failed to provide Plaintiff[] with any supplement adjustment to the full amount of the estimated damages of the Claim" and "refused to comply with the Plaintiff['s] requests" regarding the Claim. (Id.) On April 22, 2024, Defendant responded in writing to the Demand Letter, stating it paid Plaintiff $249,777.42 between June 19, 2023 and March 5, 2024 under the Policy. (Doc. 6, at 4; Doc. 6-2, at 2-5.) Defendant has not made additional payments to Plaintiff since the Demand Letter. (Doc. 6, at 4.)

Plaintiff filed this lawsuit on March 12, 2025, in the Superior Court of Richmond County, Georgia, asserting claims for breach of contract, bad faith penalties under O.C.G.A. § 33-4-6, and attorneys' fees under O.C.G.A. §§ 13-6-11 and 9-15-14. (Doc. 1-1, at 1, 5-10.) On July 18, 2025, Defendant removed this action

based on diversity. (Doc. 1, at 1-2.) On September 24, 2025, Defendant filed a motion for partial judgment on the pleadings. (Doc. 17.) Plaintiff responded and Defendant replied. (Docs. 18, 20.)

## II. LEGAL STANDARD

"After the pleadings are closed — but early enough not to delay trial — a party may move for judgment on the pleadings." FED. R. CIV. P. 12(c). "Judgment on the pleadings is proper when no issues of material fact exist, and the moving party is entitled to judgment as a matter of law based on the substance of the pleadings and any judicially noticed facts." Cunningham v. Dist. Att'y's Off. for Escambia Cnty., 592 F.3d 1237, 1255 (11th Cir. 2010) (citation omitted). "The legal standards applicable to Federal Rule of Civil Procedure 12(c) motions for judgment on the pleadings and Rule 12(b)(6) motions to dismiss are the same." Marshall v. Safeco Ins. of Ind., No. CV 112-113, 2013 WL 12155468, at *1 (S.D. Ga. Apr. 16, 2013) (citing Roma Outdoor Creations, Inc. v. City of Cumming, 558 F. Supp. 2d 1283, 1284 (N.D. Ga. 2008)). Therefore, when considering a motion for judgment on the pleadings, the Court must "accept as true all material facts alleged in the non-moving party's pleading[] and . . . view those facts in the light most favorable to the non-moving party." Perez

v. Wells Fargo N.A., 774 F.3d 1329, 1335 (11th Cir. 2014) (citation omitted). Moreover,

> while notice pleading may not require that the pleader allege a specific fact to cover every element or allege with precision each element of a claim, it is still necessary that a complaint contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory.

Fin. Sec. Assurance, Inc. v. Stephens, Inc., 500 F.3d 1276, 1282-83 (11th Cir. 2007) (citation and quotations omitted).

## III. DISCUSSION

The Court first addresses Defendant's motion as to Plaintiff's bad faith claim under O.C.G.A. § 33-4-6, then as to Plaintiff's attorneys' fees claim under O.C.G.A. §§ 13-6-11 and 9-15-14. Defendant does not move to dismiss Plaintiff's breach of contract claim. (Doc. 17, at 1.)

### A. O.C.G.A. § 33-4-6 Bad Faith Claim

Defendant argues Plaintiff's O.C.G.A. § 33-4-6 claim for bad faith penalties should be dismissed because: (1) "Plaintiff cannot establish the first element . . . because the amount of the Demand Letter is not covered by the Policy"; (2) Plaintiff "cannot prove that [Defendant]'s failure to pay the amount demanded in the Demand Letter was motivated by bad faith"; and (3) "[Defendant] has paid Plaintiff a total of $249,777.42 on this Claim, which represents

the total undisputed amount of Plaintiff's loss or damages that are covered under the Policy." (Id. at 9-11.)

Plaintiff argues "[a]s to the first element, Defendant's payment of $249,777.42 in 'undisputed covered damages' [] conclusively establishes this is a covered claim." (Doc. 18, at 3 (emphasis omitted).) Additionally, it argues a claim must be covered under the relevant policy, but it is not a requirement that "every line item in the pre-suit demand be perfectly accurate or fall within policy limits." (Id. at 4.) Further, Plaintiff argues the third element "represents a factual issue that needs to be resolved by the trier of fact." (Id.) The Parties do not dispute that Plaintiff made its demand for payment within sixty days prior to filing this suit. (Doc. 17, at 6-7; Doc. 18, at 3.)

O.C.G.A. § 33-4-6(a) provides:

> In the event of a loss which is covered by a policy of insurance and the refusal of the insurer to pay the same within 60 days after a demand has been made by the holder of the policy and a finding has been made that such refusal was in bad faith, the insurer shall be liable to pay such holder, in addition to the loss, not more than 50 percent of the liability of the insurer for the loss or $5,000.00, whichever is greater, and all reasonable attorney's fees for the prosecution of the action against the insurer.

Georgia courts have outlined that claims for bad faith under O.C.G.A. § 33-4-6 require the insured prove:

> (1) that the claim is covered under the policy, (2) that a demand for payment was made against the insurer within 60 days prior to filing suit, and (3) that the insurer's failure to pay was motivated by bad faith. Since the

> statute imposes a penalty, its requirements are strictly construed. Consequently, a proper demand for payment is essential to recovery.

Lavoi Corp. v. Nat'l Fire Ins. of Hartford, 666 S.E.2d 387, 391 (Ga. Ct. App. 2008) (citations omitted). "[B]ad faith . . . is defined as any frivolous and unfounded refusal in law or in fact to comply with the demand of the policyholder to pay according to the terms of the policy." Ga. Farm Bureau Mut. Ins. v. Williams, 597 S.E.2d 430, 432 (Ga. Ct. App. 2004) (internal quotation marks and citation omitted). Further, under Georgia law, "[t]he penalties contained in [O.C.G.A.] § 33-4-6 are the exclusive remedies for an insurer's bad faith refusal to pay insurance proceeds." Howell v. S. Heritage Ins., 448 S.E.2d 275, 276 (Ga. Ct. App. 1994) (citation omitted).

Defendant argues Plaintiff fails to show the third element of its bad faith claim because Defendant has already paid $249,777.42, "which represents the total undisputed amount of Plaintiff's loss or damages that are covered under the Policy." (Doc. 17, at 10.) Further, Defendant argues its failure to pay the amount from the Demand Letter is not unfounded or frivolous because Plaintiff's calculation includes a replacement cash value ("RCV") calculation, even though "as set forth in the Policy[,] . . . coverage under the Policy is limited to ACV." (Id. at 9.) Because the Policy provides $400,000.00 in building coverage and $100,000.00 in BPP coverage, Defendant argues Plaintiff's demand for $1,838,174.25

less prior payments made is not covered by the Policy. (Id. at 10.) Plaintiff argues policy limits do not defeat bad faith claims; rather, pre-suit demands simply serve to notify insurers of potential bad faith liability. (Doc. 18, at 7.) Further, Plaintiff argues exceeding policy limits does not prevent the finding of bad faith liability for covered claim portions. (Id.)

The Court finds it cannot grant Defendant's motion as to Plaintiffs' bad faith claim under O.C.G.A. § 33-4-6. An issue of material fact exists as to whether Defendant acted in bad faith in its refusal to pay up to the enumerated Policy limits of $400,000.00 in building coverage and $100,000.00 in BPP coverage. See Villa Sonoma at Perimeter Summit Condo. Ass'n, Inc. v. Com. Indus. Bldg. Owners All., Inc., 824 S.E.2d 738, 743 (Ga. Ct. App. 2019); Lavoi, 666 S.E.2d at 391. While the Court agrees that Plaintiff's demand of $1,838,174.25 less prior payments largely exceeds its Policy limits, Defendant has not paid Plaintiff up to the aggregate $500,000.00 covered by the Policy. (Doc. 17, at 10.) As of now, the Court does not attempt to discern which line items from Plaintiff's Proof of Loss or other provided estimates are eligible for reimbursement by Defendant. (Doc. 1-1, at 112-47.) However, the Court notes there is a dispute as to the accurate totals of the damages, either at an ACV or RCV valuation, and an unresolved question of what amount is still owed to Plaintiff under its Policy. In Banister v. Nat'l Fire Ins. of Hartford, the court

found "[w]hen the amount owing under a policy of insurance has been paid, there can remain no question of bad faith, penalty and attorney's fees." 132 S.E.2d 518, 518 (Ga. Ct. App. 1963). The Court agrees with this contention; however, there is a large discrepancy between Plaintiff's demand and the amount already paid by Defendant. (Doc. 17, at 10.) Although Defendant states the $249,777.42 payment was for the "total undisputed amount of Plaintiff's loss or damages that are covered under the Policy," Plaintiff's Demand Letter contends there is a significant amount of damage beyond that amount, and it is unknown how much of the requested $1,838,174.25 qualifies as "covered" under the Policy. (Id.; Doc. 1-1, at 148-51.) Plaintiff alleges that despite its demand, "Defendant has continued to frivolously deny Plaintiff's full amount of the claim without just cause," and has "refused to comply with [Plaintiff's] requests." (Doc. 1-1, at 4.) Further, Plaintiff alleges Defendant "[k]nowingly misrepresent[ed] . . . relevant facts or policy provisions," and "refus[ed] to pay claims without conducting a reasonable investigation." (Id. at 7-8.)

Whether an insurer's refusal to pay was in bad faith "is for the jury unless it can be said that as a matter of law there was a reasonable defense which vindicates the insurer's good faith." St. Paul Fire & Marine Ins. v. Snitzer, 358 S.E.2d 925, 927 (Ga. Ct. App. 1987) (citation omitted). At this stage, the Court finds

there is an issue of material fact as to Defendant's alleged bad faith. Therefore, Defendant's motion is **DENIED** as to Plaintiff's bad faith claim.

**B. O.C.G.A. § 13-6-11 Claim**

Next, Defendant argues that Plaintiffs' claim for attorneys' fees under O.C.G.A. §§ 13-6-11 and 9-15-14 should be dismissed because "O.C.G.A. § 33-4-6 [is] the exclusive remed[y] for an insurer's bad faith refusal to pay insurance proceeds." (Doc. 17, at 1-2.) Plaintiff agrees to withdraw Count III for attorney's fees and costs without prejudice. (Doc. 18, at 8.) As a result, Defendant's motion is **GRANTED** as to Plaintiff's claim for attorneys' fees under O.C.G.A. §§ 13-6-11 and 9-15-14.

## IV. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Defendant's motion for partial judgment on the pleadings (Doc. 17) is **GRANTED IN PART and DENIED IN PART.** Defendant is entitled to judgment on the pleadings as to Count III.

**ORDER ENTERED** at Augusta, Georgia, this 18th day of August, 2026.

HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA